duced into the county of Washington, within one year thereafter, are not entitled to recover; which instruction THE COURT (CRANCH, Chief Judge, contra,) gave.

Whereupon, Mr. Key, for the petitioners, prayed the court to instruct the jury, and they did so instruct them, that if they believe from the said evidence, that the defendant did perfectly, entirely, and completely remove to the city of Washington, in or before November, 1826, (although he had not removed all his family and property,) and claimed the privileges of a resident of that city at that time; and had rented a house and put some part of his furniture and family into it; then it was competent for him to bring the rest of his family and furniture to Washington, after his removal; and his so bringing them here, after his said removal, does not prevent his being a resident before.

Verdict for the petitioners. The defendant moved for a new trial, which was refused.

## Case No. 4,538.

ESTILL et al. v. BLAKEMORE.

[Brunner, Col. Cas. 100; [1] 1 Overt. 273.]

Circuit Court, D. Tennessee. June, 1808.

M'NAIRY, District Judge, said he had understood the practice in the state was to assess the damages in such cases, according to the value at the time of the verdict; but he much doubted whether such practice was legal or not.

TODD, Circuit Justice. Cases have been decided in New York, Pennsylvania, Connecticut, and Virginia, contrary to the practice here, as stated. The practice here, therefore, is very doubtful, and I am strongly inclined to think it is not law.

M'NAIRY, District Judge. It would seem that we could not with propriety depart from the practice in the state without further argument.

[1] [Reported by Albert Brunner, Esq., and here reprinted by permission.]

THE COURT left the decision to the jury without any particular directions. The jury found a verdict for the plaintiff, and Grundy, for the defendant, moved for a new trial upon the ground of excessive damages.

SED PER CURIAM. The damages are not excessive, nor more, it is believed, than the value of the land, estimated at the time of the covenant broken, or date of the deed, and interest. (Ex relatione, Mr. Grundy.)

## Case No. 4,539.

ESTILL v. DOLL.

## Case No. 4,540.

The ETHEL.

FIVE HUNDRED AND ELEVEN TONS OF NITRATE OF SODA.

[5 Ben. 154.] [1]

District Court, E. D. New York. May, 1871.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]